## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ABDULLAH-HAMAD AL RAWAHNA,
    Petitioner,

    vs.

ATTORNEY GENERAL OF
THE UNITED STATES, *et al.*,
    Respondents.

Case No. 1:18-cv-175

Barrett, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

Petitioner, who is currently detained pursuant to a removal order issued by United States Immigration and Customs Enforcement (ICE), has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Doc. 1). Respondents have filed an answer and motion to dismiss, to which petitioner has responded. (Doc. 8, 9, 10, 11). Also before the Court is petitioner's motion for bail pending resolution of this habeas corpus proceedings and motion to grant habeas corpus. (Doc. 7, 12).

For the reasons stated below, the undersigned recommends that respondents' motion to dismiss be granted and the petition be dismissed without prejudice. It is also recommended that petitioner's remaining motions be denied.

### I.    BACKGROUND

Petitioner is a native and citizen of Jordan. (Doc. 9-1, Hinman Decl. at PageID 40). On July 18, 2014 an Immigration Judge ordered petitioner removed from the United States. (*Id.*). Petitioner appealed the decision to the Board of Immigration Appeals. On December 19, 2014, the Board of Immigration Appeals dismissed petitioner's appeal. (*Id.* at PageID 41).

On or about August 8, 2017, ICE received a travel document from Jordan. (*Id.*). The document was valid until September 8, 2017. On or about August 18, 2017, petitioner was released from state custody and transferred into ICE custody pending his removal. (*Id.*).

Petitioner was scheduled to be removed from the United States on September 5, 2017 on a commercial flight with an officer escort. However, petitioner refused the board the flight and has remained in ICE custody thereafter. (*Id.*).

ICE issued a Notice of Failure to Comply on September 14, 2017. The notice informed petitioner that his removal period would be extended because he failed to comply with the removal order and acted to prevent his removal from the United States. (*Id.* at PageID 41–42). On or about September 21, 2017, petitioner notified ICE that he was willing to cooperate with his removal and applied to the Embassy of Jordan for a new travel document to be issued. (*Id.* at PageID 42).

Petitioner was served with a Decision to Continue Detention on December 12, 2017, informing petitioner that he would not be released because "ICE is currently working with the government of Jordan to secure a travel document for your removal from the United States. A travel document is expected, therefore you are to remain in ICE custody at this time." (*Id.*, Ex. 6 at PageID 59). A second Decision to Continue Detention was issued on March 13, 2018. The Decision again indicated that ICE is working to secure a travel document and "[a] travel document from the Government of Jordan is expected, therefore you are to remain in ICE custody at this time." (*Id.*, Ex. 7 at PageID 61).

Petitioner commenced the instant action on March 12, 2018. (*See* Doc. 1). Petitioner contends that he is entitled to relief because he has been detained for more than six months with no significant likelihood of actual removal, in violation of *Zadvydas v. Davis*, 553 U.S. 678 (2001). He also claims that his continued detention violates his federal due process rights.

Respondents have filed a motion to dismiss the petition, arguing that petitioner has not met his burden to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. (Doc. 9). In support of the motion, respondents

include the Declaration of Timothy D. Hinman, an ICE Deportation Officer familiar with the deportation proceedings against petitioner. (Doc. 9-1, Hinman Decl. at PageID 40). According to Hinman, there are no current impediments to removing aliens to Jordan, petitioner would have been removed but for his refusal to board the September 5, 2017 flight, and it is significantly likely that petitioner will be removed in the reasonably foreseeable future. (*Id.* at PageID 42–43).

Petitioner has filed two letters and a motion to grant habeas corpus in response to respondents' motion to dismiss. (Doc. 10, 11, 12). In petitioner's letters, petitioner states that he did not board the September flight because he was informed that his wife "had a problem in Columbus." (Doc. 10 at PageID 63). He claims that he was ready to go two weeks later, but was told ICE no longer had travel documents for his removal. In his motion to grant habeas corpus, plaintiff asks the court to grant habeas relief because ICE has yet to obtain travel documents. (*See* Doc. 12).

## II.    OPINION

Congress has prescribed that once an alien has been ordered to be removed from the United States, "the Attorney General shall detain the alien" and "remove the alien from the United States within a period of 90 days." 8 U.S.C. §§ 1231(a)(1)(A) & 1231(a)(2). Title 8 U.S.C. § 1231(a)(6) further provides in relevant part:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the [90-day] removal period.

By its terms, § 1231(a)(6) "applies to three categories of aliens: (1) those ordered removed who are inadmissible under § 1182, (2) those ordered removed who are removable under § 1227(a)(1)(C), § 1227(a)(2), or § 1227(a)(4), and (3) those ordered removed whom the Secretary

3

[of DHS] determines to be either a risk to the community or a flight risk." *Clark v Martinez,* 543 U.S. 371, 377 (2005). In *Zadvydas v. Davis,* 533 U.S. 678 (2001), the Supreme Court interpreted the provision "to authorize the Attorney General (now the Secretary [of DHS]) to detain aliens in the second category only as long as 'reasonably necessary' to remove them from the country." *Clark,* 543 U.S. at 377 (quoting *Zadvydas,* 533 U.S. at 689, 699). The *Zadvydas* Court held that reading § 1231(a)(6) to authorize indefinite detention would "raise a serious constitutional problem" under the Fifth Amendment's Due Process Clause. *Zadvydas,* 533 U.S. at 690. Therefore, the Court "construe[d] the statute to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Id.* at 682.

In *Zadvydas,* 533 U.S. at 701, the Supreme Court considered the six-month detention of an alien who is subject to removal due to criminal convictions to be presumptively reasonable. The Court then provided the following guidance in addressing detentions that exceed the six-month presumptively reasonable limit:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

In this case, petitioner does not challenge his removal order or dispute that he is subject to removal under 8 U.S.C. § 1227(a)(2) because of his criminal convictions in Ohio. Because petitioner was deemed to be removable under § 1227(a)(2), he falls within the second category of aliens eligible for extended detention under § 1231(a)(6). It is undisputed that, at this point in

time, petitioner has been detained longer than the six-month presumptively reasonable period under *Zadvydas*. However, petitioner has not met his initial burden of proof under *Zadvydas* in the absence of any evidence in the record showing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701.

As noted above, ICE has previously obtained travel documents for petitioner's removal to Jordan. (Doc. 1, Hinman Decl. at PageID 41). It appears that ICE officials are currently working with the government of Jordan to secure another travel document for petitioner's removal, following petitioner's refusal to board the September 2017 flight to Jordan. According to Officer Hinman, ICE was unable to reschedule petitioner's removal flight before the travel document expired on September 8, 2017. (*Id.*).

In other analogous cases where the only impediment to removal is the issuance of the appropriate travel documentation, courts have uniformly held that "mere delay by the foreign government in issuing travel documents, despite reasonable efforts by United States authorities to secure them, does not satisfy a detainee's burden under *Zadvydas* to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Estenor v. Holder*, No. 1:11-cv-743, 2011 WL 5572596, at *3 (W.D. Mich. Oct. 24, 2011) (citing *Joseph v. Holder*, No. 11-11118, 2011 WL 2893070, at *3 (E.D. Mich. July 20, 2011)); *Resil v. Hendricks*, Civ. Act. No. 11-2051, 2011 WL 2489930, at *6 (D.N.J. June 21, 2011)); *see also Newell v. Holder*, 983 F. Supp.2d 241, 248 (W.D.N.Y. 2013) (and numerous cases cited therein); *Nasr v. Larocca,* No. CV 16-1673, 2016 WL 3710200, at *3-4 (C.D. Cal. June 1, 2016) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2016 WL 3704675 (C.D. Cal. July 11, 2016); *Chen v. Banieke*, Civ. No. 15-2188, 2015 WL 4919889, at *4-5 (D. Minn. Aug. 11, 2015); *Head v. Keisler*, No. CIV-07-402-F, 2007 WL 4208709, at *5-6 (W.D.

Okla. Nov. 26, 2007) (and numerous cases cited therein). In the absence of any evidence in the record to suggest that the Embassy of Jordan will not issue the requested travel document in the reasonably foreseeable future, the undersigned concludes that petitioner has failed to meet his initial burden of proof under *Zadvydas*.

Furthermore, petitioner is unable to prevail on any argument that his right to due process has been violated to the extent that he has remained in detention during the period following his September 7, 2017 refusal to board a plane to Jordan. In other analogous cases, courts have uniformly refused to find a constitutional violation and/or have concluded that the removal period is tolled or suspended by the alien's refusal to cooperate. *See, e.g., Balogun v. INS*, 9 F.3d 347, 350-51 (5th Cir. 1993) (and cases cited therein) (holding that the removal period is tolled if the "petitioner by his conduct has intentionally prevented the INS from effecting his deportation"); *Hook v. Lynch*, 639 F. App'x 229, 230 (5th Cir. 2016) (per curiam) (same); *Lakhani v. O'Leary*, No. 1:08cv2355, 2010 WL 3730157, at *2 (N.D. Ohio Sept. 17, 2010) (holding that the petitioner's continued detention was not unconstitutional because the removal period was suspended when the petitioner acted to thwart his removal by refusing to board a series of flights scheduled to return him to Pakistan); *see also Pelich v. INS*, 329 F.3d 1057, 1060-61 (9th Cir. 2003) (holding in accordance with other cited district court decisions that "*Zadvydas* does not save an alien who fails [to cooperate with efforts] to effectuate his removal" for the "self-evident" reason that "the detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock"); *Agbanyo v. Cabral*, 518 F. Supp.2d 326, 327-28 (D. Mass. 2007) (dismissing habeas petition brought by an alien subject to a removal order, who had been confined beyond the six-month period set forth in *Zadvydas* and who was not likely to be removed in the reasonably

foreseeable future, because the "uncontroverted record evidence demonstrates that the petitioner has not only failed to cooperate, but has actively obstructed efforts to remove him").

In a decision upholding the constitutionality of the continued detention of the petitioner, who had refused to board a plane and later refused to even travel to the airport after ICE had obtained the requisite travel document for removal, a district court explained:

> *Zadvydas* did not address another statute that authorizes continued detention of an alien beyond the 90-day removal period. [8 U.S.C.] § 1231(a)(1)(C) provides that: "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien . . . conspires or acts to prevent the alien's removal subject to an order of removal." "Subsequent to *Zadvydas*, numerous courts have held that, when an alien refuses to cooperate in securing his removal, he can be detained under § 1231(a)(1)(C) for longer than the six-month period in *Zadvydas* established as presumptively reasonable under § 1231(a)(6)." *Hydara v. Gonzales*, No 07-cv-0941 PJS/JSM, 2007 WL 2409664, at *2 (D. Minn. Aug. 21, 2007), *aff'd sub nom. Hydara v. Doe*, 324 Fed.Appx. 534 (8th Cir. 2009). "These courts have assumed that *Zadvydas* applies to aliens being detained under § 1231(a)(1)(C) and reasoned that, when an alien obstructs his removal, he cannot meet his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* (citing *Lema v. INS,* 341 F.3d 853, 856 (9th Cir. 2003); *Pelich*[, 329 F.3d at 1059-61]; *Davis v. Gonzales,* 482 F.Supp.2d 796, 800-01 (W.D. Tex. 2006); *Powell v. Ashcroft*, 194 F.Supp.2d 209, 212 (E.D.N.Y. 2002)). "The reasoning is that, where the timing of removal is controlled by an uncooperative alien rather than immigration officials, there is no meaningful way to ascertain the likelihood of removal." *Ndenge v. Gonzales*, No. Civ. 07-1726 MJD/JJG, 2008 WL 682091, at* 2 (D. Minn. Mar. 6, 2008) (citing *Lema*, 341 F.3d at 856-57; *Hydara*, 2007 WL 2409664, and *Kanteh v. Ridge*, No. 05-313, 2005 WL 1719217 (D. Minn. June 30, 2005)[(Report & Recommendation), *adopted*, 2005 WL 1705526 (D. Minn. July 19, 2005)]).

*Moses v. Lynch*, No. 15-CV-4168 (PAM/JJK), 2016 WL 2636352, at *3 (D. Minn. Apr. 12, 2016) (Report & Recommendation), *adopted*, 2016 WL 2596020 (D. Minn. May 5, 2016).

Therefore, petitioner has failed to sustain his initial burden of showing that, absent his own acts of obstruction, there is no significant likelihood he will be removed to Jordan in the reasonably foreseeable future. *Cf. Alzubi v. Tryon*, No. 14-CV-705-JTC, 2015 WL 860792, at *8-9 (W.D.N.Y. Feb. 27, 2015).

Finally, petitioner has not demonstrated that he is entitled to habeas relief on the ground that he has not been provided a "neutral decision-maker" to review his continued custody in violation of his right to procedural due process. (*See* Doc. 1 at PageID 4). There is simply no evidence in the record even remotely suggesting there is any merit to his conclusory claim. *Cf. Atugah v. Dedvukaj*, No. 2:16cv68, 2016 WL 3189976, at *4 (W.D. Mich. May 10, 2016) (Report & Recommendation) (rejecting a similar claim as meritless), *adopted*, 2016 WL 3166600 (W.D. Mich. June 7, 2016), *appeal filed*, No. 16-1862 (6th Cir. June 22, 2016); *Moses, supra*, 2016 WL 2636352, at *4 (holding in an analogous case that in the absence of "some indication . . . that ICE failed to comply with any specific requirements" of custody-review procedures established in the Code of Federal Regulations, petitioner had not demonstrated a violation of his Fifth Amendment right to procedural due process).

Accordingly, in sum, the undersigned concludes that petitioner has not demonstrated that he is entitled to habeas corpus relief because he has not shown that he is currently in ICE custody in violation of the Constitution or laws of the United States. Although petitioner has not shown an entitlement to relief at this time, if his detention continues for an extended period, he may be able to make the requisite showing under *Zadvydas* at a later time. *Cf. Nasr, supra*, 2016 WL 3710200, at *6 (and cases cited therein); *Estenor, supra,* 2011 WL 5572596, at *4. Therefore, the instant petition should be dismissed without prejudice to petitioner's ability to apply for future relief if circumstances change. *See id.*

In light of this recommendation, petitioner's motion for bail (Doc. 7) and motion to grant habeas corpus (Doc. 12) should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 9) be **GRANTED** and petitioner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** without prejudice. Petitioner's motion for bail (Doc. 7) and motion to grant habeas corpus (Doc. 12) should be **DENIED.**

2. A certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 6/18/18

Karen Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ABDULLAH-HAMAD AL RAWAHNA,           Case No. 1:18-cv-175
      Petitioner,

                                       Barrett, J.
      vs.                               Litkovitz, M.J.

ATTORNEY GENERAL OF
THE UNITED STATES, *et al.*,
      Respondents.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations. This period may be extended further by the Court on

timely motion for an extension. Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).